# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERIC LEE YOUNGS,**
**# 1900121903,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:21cv266-WS-MAF**

**NORTH EAST FLORIDA**
**STATE HOSPITAL, et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on July 1, 2021, by submitted a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 3, to this Court. Although there was some uncertainty as to whether or not Plaintiff deemed to be a "prisoner" for purposes of 28 U.S.C. § 1915(h), his in forma pauperis motion was granted. ECF No. 4. Plaintiff was, nevertheless, required to confirm that he is not a prisoner. *Id.* In doing so, Plaintiff was directed to state the basis for his detention in the North East Florida Hospital. ECF No. 4. In addition, Plaintiff was directed to file an amended complaint by August 6, 2021. *Id.*

On July 22, 2021, Plaintiff submitted a letter, ECF No. 5, in which it appeared that Plaintiff was requesting that the Court send him food, call him, or "be in touch with [him] soon." *Id.* Another Order was entered on July 28, 2021, noting that Plaintiff's "letter" did not provide the clarification required by the prior Order, ECF No. 4. The Order advised Plaintiff that no further action would be taken on that document, and he was required to file the clarification required, along with his amended complaint, no later than August 6, 2021. ECF No. 6.

On August 9, 2021, the Clerk's Office received a mail return for that Order, ECF No. 6. ECF No. 7. The only information provided on that return was a postal stamp which stated "return to sender - not deliverable as addressed - unable to forward." *Id.* A hand-written notation on the envelope stated" "return - doesn't live here." *Id.*

The address to which that mail was sent was 8566 NE 9th Terrace in Wildwood, Florida 34785. ECF No. 7. That was the address Plaintiff had provided in a document that was, curiously, received on June 24, 2021, prior to Plaintiff's initiation of this case. *See* ECF No. 8. However, review of the recent "letter" from Plaintiff provided another address at 1541 SW Williston Road in Gainesville, Florida 32608. ECF No. 5. The Clerk's

Office has noted that address on the docket, but it is unclear whether or not it is a valid address for Plaintiff. That address appears to be the location of Meridian Behavior Healthcare in Gainesville.

At any rate, Plaintiff has not responded to any Order issued in this case. He has not submitted an amended complaint, he has not provided the clarification needed as to whether or not he is a "prisoner" as defined by 28 U.S.C. § 1915(h), and he has not filed anything since his July 22nd letter, ECF No. 5, which was nearly incomprehensible. This case cannot proceed if Plaintiff is either unable to receive mail from this Court, or is unwilling or able to respond to Court Orders. It is respectfully recommended that this case be dismissed for failure to prosecute.

If, however, Plaintiff receives this recommendation and wants to proceed, he must file a motion for reconsideration no later than **September 20, 2021**. If he fails to do so, this case will be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua

sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, dismissal for disregarding a court order, especially where the litigant has been forewarned, is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Here Plaintiff was forewarned, ECF No. 4, but he has not responded to the Order which he presumably received, nor has he kept this Court informed about his current mailing address.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 30, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**